# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN D. HAMILTON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 3:07-00481 |
| v. ) | Judge Nixon / Knowles |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket Entry No. 15. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket Entry No. 20. Plaintiff has filed a Reply. Docket Entry No. 21.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

## I. INTRODUCTION

Plaintiff filed his application for DIB on April 21, 2003, alleging that he had been

1

disabled since May 5, 1999, due to an impairment of his right lower extremity. Docket Entry No. 13, Attachment ("TR"), TR 45-46, 59. Plaintiff's application was denied both initially (TR 30-31, 35-37) and upon reconsideration (TR 32-33, 39-40). Plaintiff subsequently requested (TR 41) and received (TR 23-28) a hearing. Plaintiff's hearing was conducted on September 23, 2005, by Administrative Law Judge ("ALJ") William F. Taylor. TR 358-377. Plaintiff and Vocational Expert ("VE") Kenneth Anchor appeared and testified. *Id.*

On April 10, 2006, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 14-22. Specifically, the ALJ made the following findings of fact:

> 1. The claimant met the disability insured status requirements of the Act through December 31, 2004, but not thereafter.
>
> 3.[*sic*] The claimant's impairment of congenital deformity with below the knee amputation at two years of age is considered "severe" based on the requirements in the Regulations. 20 CFR 404.1520(c).
>
> 4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The claimant's allegations regarding his limitations are not totally credible, for the reasons cited above.
>
> 6. The claimant has the following residual functional capacity for a limited range of light work as described in the body of this decision.
>
> 7. The claimant was able to perform his past relevant work through December 31, 2004.
>
> 8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the December 31, 2004. 20 CFR 404.1520(f).

TR 22.[1]

Plaintiff timely filed a request for review of the hearing decision. TR 12. On March 27, 2007, the Appeals Council issued a letter declining to review the case (TR 6-8), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The ALJ has thoroughly summarized and discussed the medical and testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been

---

[1] There is no Finding #2 in the ALJ's decision. TR 22.

further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

## B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's

4

age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[2] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5) Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175,

---

[2]The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

5

Case 3:07-cv-00481   Document 24   Filed 04/01/09   Page 5 of 14 PageID #: 90

1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that: 1) the ALJ's finding that Plaintiff's depression was non-severe was not supported by substantial evidence; 2) the ALJ failed to evaluate Plaintiff's mental impairment in accordance with the requirements of 20 CFR 404.1520a; 3) the ALJ did not evaluate Plaintiff's credibility and subjective symptoms in accordance with the requirements of 20 CFR 404.1529 and SSR 96-7p; and 4) the ALJ's finding that Plaintiff could perform his past relevant work was not supported by substantial evidence. Docket Entry No. 17. Accordingly,

Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

Plaintiff's first two arguments are related, and will be discussed together. Plaintiff argues that the ALJ committed reversible error when he failed to find that Plaintiff's depression constituted a severe impairment. Docket Entry No. 17. The ALJ did find at step two of the sequential evaluation that Plaintiff's congenital deformity with below the knee amputation at two years of age constituted a severe impairment within the meaning of the Regulations. TR 18. With regard to Plaintiff's depression, however, the ALJ stated:

> His depression is not "severe." The claimant was prescribed Prozac because he was feeling somewhat depressed and later was prescribed Zoloft because he felt more anxious than usual. He stopped both medications on his own. He also was referred to a clinical pain psychologist. The claimant described his evaluation

7

>           with the clinical pain psychologist as "terrible," and did not want
>           to be referred to anyone else for psychological treatment. He was
>           later prescribed Effexor; again, he stopped taking the medication,
>           and refused to take anymore.

TR 18.

Plaintiff contends that the DDS psychological consultant's findings were internally inconsistent, and, therefore, that it was reversible error for the ALJ to rely on those findings. *Id.* Plaintiff argues that, while the DDS psychological consultant concluded that Plaintiff's depression was non-severe, he rated Plaintiff's degree of limitation in the area of concentration, persistence, and pace as moderate (TR 217) and he also reported moderate limitations in five of the twenty work-related activities on Plaintiff's mental RFC evaluation (TR 221). *Id.* Plaintiff notes that psychological consultant's moderate impairment findings were consistent with the psychological examiner's opinion that Plaintiff's GAF was 60, which reflects "moderate symptoms" or "moderate difficulty in social, occupational, or school functioning." *Id.*

Defendant responds that the "severity step" (step two of the sequential analysis) requires a "threshold showing" that a claimant's *combined* impairments "significantly limit" the claimant's physical or mental ability to do basic work activities. Docket Entry No. 20, *citing* 20 CFR 416.920(c). (Italics original.) Defendant argues that, once the ALJ has determined that a claimant's combined impairments significantly limit his/her physical or mental ability to do basic work activities, the evaluation proceeds to step three, wherein the claimant is afforded the opportunity to prove that his/her impairments are medically so severe as to require a finding of conclusive disability. *Id., citing* 20 CFR 416.920(d). Defendant argues that, upon proceeding to step three of the sequential analysis, the ALJ properly discussed and evaluateed in extensive detail all of the evidence relating to each of Plaintiff's impairments, regardless of whether the

8

ALJ had determined them to be independently severe at step two. *Id.*

Moreover, the ALJ based his determination that Plaintiff's depression was not severe for the purposes of step two of the sequential evaluation process on the fact that Plaintiff repeatedly chose to stop taking his prescribed medications, and the fact that Plaintiff refused further psychological treatment or medication. TR 18, 20. The ALJ did not base his determination on the findings of the DDS consulting psychologist's evaluation with which Plaintiff takes issue.

Even if the ALJ had based his determination that Plaintiff's depression was not severe on the findings of the DDS consulting psychologist's evaluation, it would be, at most, harmless error. The ALJ considered all the evidence pertaining to Plaintiff's depression and Plaintiff's related functional restrictions throughout the remaining steps of the sequential evaluation process. TR 18, 20. It is well established that, under such circumstances, the ALJ's failure to list additional impairments as severe at step two cannot provide a basis for reversing the Commissioner's decision. *See, e.g., Franson v. Commissioner of Soc. Sec.*, 556 F.Supp.2d 716, 730 -731 (W.D.Mich. 2008); *Fisk v. Astrue*, 253 Fed.Appx. 580, 583 (6th Cir.2007) ( "[W]hen an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does not constitute reversible error."); *Riepen v. Commissioner,* 198 Fed.Appx. 414, 415 (6th Cir.2006); *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). Because the ALJ properly considered Plaintiff's depression in the sequential evaluation process, this argument fails.

Plaintiff also argues that the ALJ did not properly assess his credibility and subjective

complaints. Docket Entry No. 17. Plaintiff contends that the ALJ discounted his testimony for two reasons: 1) because a physician stated that Plaintiff should be able to return to a "high level of activity" once he received a "proper fitting prosthesis"; and 2) because of a "purported conflict between statements" Plaintiff made regarding the persistence of his pain. *Id.*, *citing* TR 21.

The short answer to these arguments is that the ALJ discounted Plaintiff's subjective complaints because "the medical records of evidence do not support the degree of pain alleged" (TR 21), and not for the reasons argued by Plaintiff.

The Sixth Circuit has set forth the following criteria for assessing a plaintiff's allegations of pain:

> [S]ubjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability...[T]here must be evidence of an underlying medical condition *and* (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition *or* (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Duncan v. Secretary*, 801 F.2d 847, 853 (6th Cir. 1986) (*quoting* S. Rep. No. 466, 98th Cong., 2d Sess. 24) (Emphasis added); *see also* 20 C.F.R. §§ 404.1529, 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled...."); and *Moon v. Sullivan*, 923 F.2d 1175, 1182-83 ("[T]hough Moon alleges fully disabling and debilitating symptomology, the ALJ, may distrust a claimant's allegations...if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other."). Moreover, "allegations of pain...do not constitute a disability unless the pain is of such a debilitating degree that it prevents an individual from engaging in substantial gainful activity."

10

Case 3:07-cv-00481   Document 24   Filed 04/01/09   Page 10 of 14 PageID #: 95

*Bradley v. Secretary*, 862 F.2d 1224, 1227 (6th Cir. 1988).

Plaintiff argues that the ALJ failed to consider the following relevant factors when evaluating his credibility: 1) his daily activities; 2) the location, duration, frequency, and intensity of his pain; 3) "treatment, other than medication, used to relieve pain"; 4) "other measures used to relieve pain"; and 5) side effects of medication. Docket Entry No. 17, *citing* TR 103-104, 370-371, 373. Plaintiff's argument is meritless.

In the case at bar, the ALJ found that "the medical records of evidence [did] not support the degree of pain alleged." TR 21. In so doing, the ALJ specifically discussed, *inter alia*, Plaintiff's amputation, hypothyroidism, depression, right knee and leg pain, reconstructive surgery, distal stump pain, surgery to "sand down excessive bone," tenderness and sensitivity over the medial proximal fourth of the tibia, neuropathic pain, physical therapy, repeated hospitalizations for vomiting and dehydration, gastroenteritis, ability to interact socially, ability to understand and remember, ability to sustain concentration and persistence, restrictions in his activities of daily living, constant pain, and use of a cane. TR 17-22. The ALJ also recounted Plaintiff's hearing testimony, including, *inter alia*, acknowledging his constant pain, his being active, his playing sports, his need to sit with his legs elevated to ease the pain and constant swelling, his inability to sleep at night, and his need to lie down "75% of the time" and take naps throughout the day. TR 20-21. With regard to Plaintiff's medications and their side effects, the ALJ noted that Plaintiff had taken Prozac, Zoloft, Effexor, Neurontin, and Lidoderm, and that he had experienced the side effects of sexual dysfunction, drowsiness, dizziness, nausea, and constipation. TR 17-22. As can be seen, the ALJ's decision specifically addresses in great detail not only the medical evidence, but also Plaintiff's testimony and his subjective claims, clearly

11

indicating that these factors were considered. TR 17-22. The ALJ, when evaluating the entirety of the evidence, is entitled to weigh the objective medical evidence against Plaintiff's subjective claims of pain and reach a credibility determination. *See, e.g., Walters,* 127 F.3d at 531; and *Kirk v. Secretary,* 667 F.2d 524, 538 (6th Cir. 1981). The ALJ properly evaluated Plaintiff's subjective complaints of pain; his credibility finding must stand.

Finally, Plaintiff argues that the ALJ's finding that Plaintiff could perform his past relevant work was not supported by substantial evidence because the ALJ's hypothetical posed to the VE failed to include a requirement for Plaintiff to elevate his legs and failed to reference the effect of pain on his ability to work. Docket Entry No. 17. Plaintiff contends that, because the hypothetical posed was flawed, the ALJ could not rely upon the VE's answer. *Id.*

Defendant responds that the ALJ's hypothetical posed to the VE was not flawed, but rather, contained only those restrictions that the ALJ recognized as credible. Docket Entry No. 20.

The ALJ posed the following hypothetical to the VE.

> Dr. Anchor, I want you to assume that we have an individual who is between the ages of 37 and 43. Assume this person has a high school education and he's taken some college courses. Assume he has the ability to read and write English and add and subtract. He has a driver's license. He drives on a limited basis. Assume this person's past relevant work has been as a research technician, sedentary and skilled, a sales representative, light and either semiskilled or skilled, hotel manager, light and skilled, customer service representative, light and semiskilled, retail manager, light and skilled, a dock worker, medium and unskilled. Doctor, I want you to assume that he has mild limitation in his ability to sustain concentration and persistence, mild limitation with regard to the, [*sic*] mild to moderate limitation with regard to socially, ability to socially interact. Assume that he could occasionally lift 20 pounds, frequently lift 10 pounds. He can work a full eight-hour day, need the sit/stand rule option. Assume that he has limitation

12

> in his lower extremities so that he would not be able to use foot
> controls, pedals and things of that nature on a regular basis.
> Assume that he can occasionally climb, stoop, kneel, crouch, crawl
> but he would not be able to balance. Assume that there are no
> manipulative limitations, no visual limitations, no limitations on
> hearing or speaking and assume this person is going to need to
> avoid working around hazardous machinery or working at heights.

TR 374-375.

In response to the ALJ's hypothetical, the VE opined that the hypothetical claimant would be able to do all of Plaintiff's past relevant work except as a laborer or dock worker, which were medium exertion. TR 375.

Plaintiff's counsel then asked the VE whether the person identified in the ALJ's hypothetical would be able to perform those jobs (or any jobs) on a consistent basis if he suffered from a "moderately severe degree or greater" of pain that was chronic, persistent, ongoing, and unremediated with medication or other forms of treatment. TR 375-376. The VE answered negatively. *Id.* Plaintiff's counsel also asked the VE whether that claimant would be able to work if he was required to elevate at least one lower extremity to waist level during much of the workday. TR 376. Again, the VE answered negatively. *Id.*

Obviously, the ALJ was aware of the VE's opinion that a person suffering from chronic, persistent, ongoing, unremediated, moderately severe pain would be unable to work, just as a person required to elevate at least one lower extremity to waist level during much of the workday would be unable to work. The VE's answering negatively to those conditions, however, did not impact the ALJ's findings because, as has been discussed, the ALJ did not find Plaintiff's subjective complaints to be fully credible.

An ALJ need only include the restrictions recognized as credible in the hypotheticals

13

posed to the VE. *See Foster v. Halter*, 279 F.3d 348, 356-357 (6th Cir. 2001); *Cline v. Shalala*, 96 F.3d 146, 150 (6th Cir. 1996); *Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 118-119 (6th Cir. 1994). If the hypothetical contains the restrictions recognized by the ALJ as credible, the ALJ can rely on the VE's answer to that hypothetical. *Id.* Because the ALJ's hypothetical contained Plaintiff's limitations he found credible, his reliance on the VE's opinion that Plaintiff could return to much of his past relevant work was proper. Plaintiff's argument fails.

## IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge